IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN T. BIERK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 5167 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| TANGO MOBILE, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Not to be outdone by the plaintiff, defendant CORT has filed a motion to compel compliance with discovery and an accompanying motion to file four exhibits to that motion (Exs. A, B, C, Q), and file a redacted version of its motion. [Dkt. #100]. According to the defendant, plaintiff designated Exs. A, B, C as confidential pursuant to the parties' Confidentiality Order, and defendants designated Ex. Q as confidential. While defendant points out that the Confidentiality Order allows designation of documents as confidential if they are "(a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case" [Dkt. #52, 100], defendant gives us no hint of what category any of these documents falls under. And it is far from obvious. Ex. A, for example, is an email exchange. An email address might be redacted as personal identity information, but what category could something like the following possibly fall under? "Let's talk about it I think the document is not as clear as I hoped it to be. I basted [sic] off of our

discussion so it should be what we talked about. Let's have a call and I could explain it better. Let me know when you're free. Cheers." Ex. B is another innocuous email that is neither a trade secret, nor medical information, personal identity information, financial information. Ex. Q is a 90-page emails chain. Portions of it might possibly qualify as trade secrets, but certainly not the entire exhibit, and the court has no way of knowing if that is even why it was designated as confidential. And it will not parse the exhibits for portions that can be redacted and those that cannot. That's counsel's job as we noted in an earlier opinion in this case.

Finally, Ex. Q is a log of texts. While the court has no issue with redaction of the phone numbers, texts like "Do you have time to discuss today?", or "No need to avoid my calls I just want to be clear as to what you want for future deals?", or "My designer is at the office today, so if we can't get it done by today we will need to push it for end of next week" – the list of examples could go on endlessly – do not fall into any of the foregoing categories.

The law on this was made clear in the ruling on plaintiff's motion to seal. This litigation is no different than any other, and the parties do not contend otherwise. Thus, this case must be conducted in public to the maximum extent consistent with respecting trade secrets and other facts that should be held in confidence. *Matter of Husain*, 866 F.3d 832, 835 (7th Cir. 2017)(a party hoping to seal documents must show good "reason to depart from the strong norm that judicial proceedings are open to public view."); *Hicklin Engineering L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006); *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 367 F. Supp. 3d 813, 816 (N.D. Ill. 2019). Closed proceedings breed suspicion of prejudice and arbitrariness, which in turn spawns disrespect for law. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 595, 100 S.Ct. 2814, 65 L.Ed.2d 973 (1980). "The determination of good cause [to seal materials] cannot be elided by

allowing the parties to seal whatever they want." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). A party hoping to file materials in secret must justify the claim of secrecy and "analyze the applicable legal criteria or contend that any document ... may ... legitimately may be kept from public inspection despite its importance to the resolution of the litigation." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002). With all deference, we are constrained to say that the defendant has not done that here.

And so, the defendant's motion to seal [Dkt. #100] cannot be granted. However, in view of the circumstances that have presented themselves, the court will allow the documents to remain provisionally sealed for two weeks, giving defendant until February 12, 2021, to file a properly supported motion to seal if it so chooses. As the Seventh Circuit has emphasized, if the prospect of litigating in public is daunting, there are options. "[B]usinesses that fear harm from disclosure required by the rules for the conduct of litigation often agree to arbitrate." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002); *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000)("[p]eople who want secrecy should opt for arbitration."); *Superior Graphite Co. v. Campos*, 2020 WL 5210841, at *7 (N.D. Ill. 2020).

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 1/29/21