IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN T. BIERK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 5167 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| TANGO MOBILE, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

The plaintiff has filed a motion to file documents under seal, along with provisionally sealed and public versions as required by Local Rule 26.2(b) and (c). The motion seeks leave to file a Motion to Compel and for Sanctions and Exhibit 2 to that motion under seal. [Dkt. #95]. Exhibit 2 is a 196-page transcript of the deposition of defendant CORT's 30(b)(6) witness, and the redacted portions of the motion itself appear to be excerpts from that transcript. The motion says that the documents discussed in the deposition have been designated confidential under the parties' Protective Order. [Dkt. #52]. Those documents may have been designated confidential, but the references to them in the plaintiff's Motion to Compel and for Sanctions reveal nothing that qualifies as confidential under the Protective Order. [Dkt. #52, ¶ 2]("(a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case."). For example, here is a typical exchange from the deposition set forth in plaintiff's motion:

> Q What was the date of the first offer in the negotiations between CORT and Todd Bierk?
>
> A: I'd have to review a document, if you have one, to help refresh my memory. I don't know the specific date, as I sit here.
>
> Q What was the amount of the first offer?
>
> A. The first offer from CORT or the first offer from Bierk?
>
> Q. Who made the first offer?
>
> A I believe that Mr. Bierk made an offer to CORT.
>
> Q What was the date of that?
>
> A. I don't recall when.

[Dkt. #96, at 8]. And here is another:

> Q I believe that Todd Bierk had expressed the desire to be part of CORT, related to Tapdn, back in September of 2017, I believe. Do you know the exact date?
>
> A September of 2017 is the best -- about as close as I'll get.
>
> Q And how did you get that date?
>
> A In preparation for the deposition I recall reading a document.
>
> Q What document?
>
> A It would have been an e-mail between Mr. Bierk and Mr. Ritter.
>
> Q Do you have the -- Do you have that document with you?
>
> A. It's in a pile of documents. I don't have it handy, no. See Dep Tr at 119-21, Ex 2.

[Dkt. #96, at 8].

There is nothing confidential about any of this: no trade secrets are revealed; no technical information, no financial information: in short, nothing is confidential. As for the 196-page

deposition transcript itself, it is counsel's obligation, not the court's, to review it to see *if* there is confidential information to be protected. That is, as the Seventh Circuit has said time and again, it is counsel's job – not the court's. It is not the court's job to sift through documents on any party's behalf as the Seventh Circuit has said time and again. *See, e.g., DeSilva v. DiLeonardi,* 181 F.3d 865, 867 (7th Cir.1999); *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991). As the Supreme Court recently stressed, "[i]n our adversarial system of adjudication we follow the principle of party presentation." *United States v. Sineneng-Smith*, _U.S._, 140 S.Ct. 1575, 1579 (2020). That principle assigns to the court the role of "neutral arbiter of matters the parties present." *Id.* Thus, "as a general rule, [o]ur system is designed around the premise that [parties represented by competent counsel] know what is best for them and are responsible for advancing the facts and arguments entitling them to relief.' " *Id.* at 1579. (Brackets in original).

It is unlikely that everything in the transcript is confidential or even that most of it satisfies the criteria necessary for confidential treatment. And the Confidentiality Agreement prohibits designating an entire transcript as confidential; parties must designate specific portions of the transcript only. [Dkt. #52, Par. 4]. That was not done, and the matter is not one that can be routinely ignored. We stress that the concern here is not about trivialities, but questions which the Seventh Circuit has said time and again go to the heart of what must be a public proceeding.

This litigation is no different than any other: under consistent Seventh Circuit precedent, it *must* be conducted in public to the maximum extent consistent with respecting trade secrets and other facts that should be held in confidence. *Matter of Husain*, 866 F.3d 832, 835 (7th Cir. 2017)(a party hoping to seal documents must show good "reason to depart from the strong norm that judicial proceedings are open to public view."); *Hicklin Engineering L.C. v. Bartell*, 439 F.3d 346, 348 (7th

3

Cir. 2006); *Motorola Sols., Inc. v. Hytera Commc'ns Corp.*, 367 F. Supp. 3d 813, 816 (N.D. Ill. 2019). Closed proceedings breed suspicion of prejudice and arbitrariness, which in turn spawns disrespect for law. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 595 (1980). "The determination of good cause [to seal materials] cannot be elided by allowing the parties to seal whatever they want, ...." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999). A party hoping to file materials in secret must justify the claim of secrecy and "analyze the applicable legal criteria or contend that any document ... may ... legitimately may be kept from public inspection despite its importance to the resolution of the litigation." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 546 (7th Cir. 2002). Plaintiff has not done that here and we do not read the motion as attempting to do so.

We have been charged by the Supreme Court and the Seventh Circuit to ensure that proceedings are conducted in a particular way; and we are not at liberty to disregard their commands. We are not at liberty to disregard matters the Supreme Court and the Seventh Circuit have concluded are matters of significance.

And so, the plaintiff's motion to seal cannot be granted. However, the documents will remain provisionally sealed for two weeks until February 12, 2021. That will enable sufficient time for the filing of a properly supported motion to seal. Neither we nor the parties are at liberty to ignore the applicable caselaw and Local Rules, and the terms of the parties' own Protective Order. [Dkt. #48].

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 1/29/21

5