# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN T. BIERK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 5167 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| TANGO MOBILE, LLC, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff has filed another motion to compel, this one to take a third deposition of defendant CORT's 30(b)(6) witness, Jeff Seidman. Given the history of discovery in this case, which need not be revisited, this Order will be brief.

All discovery must have enforceable deadlines. *Flint v. City of Belvedere,* 791 F.3d 764, 768 (7th Cir 2015). Efficient case management demands it. Discovery in this case closed on April 16, 2021. [Dkt. #80, 136]. That was after multiple extensions totaling ten and a half additional months. [Dkt. ## 45, 68, 69, 78, 80]. Due, in part, to the vitriolic nature of the proceedings, two items were unresolved at the end: a deposition of Ms. Gloria Rose and an inspection and production of relevant items in plaintiff's Apple iPhone 6, which was locked with a password supposedly unknown to anyone.[1] The two issues are potentially interrelated in that the phone may contain texts and/or pictures evidencing an intimate relationship between the plaintiff and Ms. Rose that would bear on the question of possible bias of Ms. Rose toward the plaintiff. *See* discussion in Dkt. #154 regarding

---

[1] In conversations with counsel for the parties it was made clear that there would be no general search of the phone and general itemization of its contents.

the critical concept of bias. *See generally United States v. Abel*, 469 U.S. 45, 52 (1984).[2] It is thought that certain materials in the form of texts and pictures involving plaintiff and Ms. Rose were on the iPhone. Discovery was allowed to go past the court-ordered deadline for the limited purpose of addressing those two items, which, as noted above, could bear on the potential bias of a significant witness in the case. The item plaintiff's current motion raises was not one of these. There was no additional extension of the discovery deadline other than to allow Ms. Rose to stop her deposition to engage and consult with a criminal lawyer prior to the completion of her continued deposition and for the parties to hammer out, if possible, the long-festering phone issue, which involved the opening of the phone – if possible – and the production of items of a sexual nature – if any – which would reflect and relate to a shared sexual or intimate relation between Ms. Rose and the plaintiff. [Dkt. #136]. But, other than those two items, discovery closed April 16th. "[T]here [has been] enough discovery [in this case] to choke a horse...." *Walker v. Sheahan*, 526 F.3d 973, 978 (7th Cir. 2008). "[E]nough is enough," *Williams v. Shinseki,* 2010 WL 1274233, 4 (7th Cir. 2010).

The plaintiff's current Motion, filed on April 26th, comes ten days too late. The following timeline confirms that it could easily have been brought a month earlier:

---

[2] The plaintiff's lawyers have vigorously insisted that pictures and/or texts of a sexual nature on the phone that would reflect a substantial degree of intimacy between plaintiff and Ms. Rose have nothing to do with the case and thus should not be subject to any discovery. That position ignores the role potential bias can and does play in all cases. [Dkt. #154]. In any event, if any materials of the kind discussed in this Opinion [*see also* Dkt. #154] are to be found on the phone, they will be subject to and governed by a separate Protective Order. Of course, whether and how any relevant materials obtained from the phone can be used at trial will be a question for the district court. But the discoverability of the information presents a different question and it is one to be decided in discovery by the court overseeing discovery.

March 19, 2021 – Seidman testifies at his 30(b)(6) deposition that defendant Cort had "e-mails showing that Ms. Rose stole over 1,500 documents from CORT while she was still employed by CORT and shared them not only with Mr. Bierk in the form of a zip file, but then she also sent you a Dropbox containing CORT's information as well. . . .It appears to us from looking at those documents and those e-mails, that Mr. Bierk and Ms. Rose were trying to shake us down, I guess is the word I would use." [Dkt. #160-3].

March 22, 2021 – filed complaint with Seidman affidavit and served plaintiff on March 23

March 25, 2021 – court hearing on complaint and delaying Rose's deposition

April 20, 2021 – defendant filed second criminal complaint (deposition had been rescheduled to April 22) with Seidman affidavit

[Dkt. #149, at 7].

So, it is unclear why, if the alleged plaintiff-Rose conspiracy was a topic at the second Seidman deposition over a month ago, plaintiff did not question Mr. Seidman about it then. And it is unclear why, if the criminal complaint and affidavit are the trigger for redeposing Mr. Seidman as plaintiff claims – a presumption ignores that March 19th deposition testimony – and defendant did not respond to a March 23rd deposition request on until April 1st, when it refused, plaintiff did not file his motion until three weeks later, after discovery had closed. Plaintiff suggests this was due to attempting to change defendant's mind in a phone conference of unspecified length apparently on April 6th. [Dkt. #149, at 9-10; #149-15]. And, stunningly, the plaintiff delayed in filing his motion until April 21st even after the final warning of April 15th that there would be *no further extensions* of the discovery deadline. [Dkt. #144, at 7]. Lawyers and litigants who decide that they will play by rules of their own invention will find that the game cannot be won. *Nw. Nat. Ins. Co. v. Baltes*, 15

F.3d 660, 663 (7th Cir. 1994).³ So, the motion to compel, filed after the discovery deadline, is denied as untimely. *See Haynes v. Alliant Food Serv., Inc.*, 93 F. App'x 71, 73–74 (7th Cir. 2004)(". . . rarely will we find an abuse of discretion when the motion to compel came after the close of discovery."); *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 647 (7th Cir.2001).

Additionally, I note that plaintiff's motion not only comes late, but with little attempt to tie the proposed deposition to the issues in this case. [Dkt. #149, at 2-6]. And, any tie is all the more tenuous now that Judge Tharp has denied defendant's belated attempt to add counterclaims against plaintiff for conversion and conspiring with Ms. Rose in her alleged theft of confidential documents. [Dkt. #153].

## CONCLUSION

"All good things must come to an end, however." *Hal Commodity Cycles Mgmt Co. v. Kirsh*, 825 F.2d 1136, 1137 (7th Cir. 1987). So too here. Plaintiff's Motion to Compel [Dkt. #149] is denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 4/28/21

---

³ Concerns about delays are nothing new either in law or life. *See Mallory v. Kirwan*, 2 U.S. 192, 193 (1792); *The Key City*, 14 Wall. 653, 81 U.S. 653, 655 (1871); *Curtner v. United States*, 149 U.S. 662, 676 (1893); *United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 269 (1982)(encouragement of delay is fatal to the vindication of the criminal law); *In re Sulfuric Acid Antitrust Litigation*, 230 F.R.D. 527, 533 (N.D.Ill.2005)(collecting cases). Shakespeare warned of the dangers of delay: "Defer no time delays have dangerous ends." Henry VI, Part I (1592) Act III, sc. ii 1.33. The Seventh Circuit is partial to Twelfth Night. *Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 775 (7th Cir.1995)("in delays there lies no plenty."). No matter. The point is the same.