**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN T. BIERK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 5167 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| TANGO MOBILE, LLC, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendant, CORT, served a subpoena in this case on Ms. Jiricka, the plaintiff's ex-wife, essentially calling for the production of all materials involved an earlier divorce proceeding between Mr. Bierk, the plaintiff here, and Ms. Jiricka. [Dkt. #166].[1] The claimed justification for the subpoena was that the mass of materials could contain information relating to assets and to a relationship Mr. Bierk may have had with Gloria Rose – a relationship that, if it existed, was relevant to the potential bias of a possible witness in this case. Notwithstanding its breadth, the subpoena required compliance within two days of service. The Federal District Court for the Northern District of Georgia has transferred CORT's Motion to Enforce the subpoena to this court. "This is a horse soon curried." *Olberding v. Illinois Cent. R. Co.*, 346 U.S. 338, 340 (1953).

---

[1] For example, the subpoena called for production of "all pleadings, non-privileged documents, and any other things from your divorce case," as well as "all written discovery exchanges between You and Todd Bierk in the Divorce Case," and "all joint state and federal tax returns filed by you and Todd Bierk from 2016 to the present." [Dkt. #166-1].

## A.

CORT served its subpoena on Ms. Jiricka on March 9, 2021. The subpoena effectively sought *all the materials* exchanged in the earlier divorce proceedings. Leaving aside for the moment the question of relevancy, *see infra at 2,* the subpoena gave the respondent only until March 11th to comply. But Fed.R.Civ.P. 45(c)(3)(A)(I) mandates that a subpoena must give respondent a "reasonable time" to comply. A two day time for compliance hardly seems "reasonable." Fed.R.Civ.P. 45(d)(2)(B) suggests that 14 days is the benchmark for compliance, and a number of courts have suggested that under 14 days for compliance is unreasonable. *See, e.g., Tri Investments, Inc. v. Aiken Cost Consultants, Inc.*, 2011 WL 5330295, 1 (W.D.N.C.2011). Two days for compliance is certainly unreasonable in any but the most extreme circumstance. *See Elliot v. Mission Tr. Servs., LLC*, 2015 WL 1567901, at *4 (N.D. Ill. 2015)(10 days is inadequate); *AngioScore, Inc. v. TriReme Medical, Inc.*, 2014 WL 6706898, 1 (N.D.Cal.2014)(9 days inadequate); *Dixon v. Greyhound Lines, Inc.*, 2014 WL 6474355, 4 (M.D.La.2014)(9 days including 3–day holiday weekend inadequate); *Thomas v. IEM, Inc.*, 2008 WL 695230, at *3 & n. 10 (M.D.La.2008) (15 days was inadequate, especially considering the Christmas holiday fell within those 15 days); *Hernandez v. City of Corpus Christi*, 2011 WL 2194254, at *1 (S.D.Tex.2011) (quashing subpoena duces tecum that gave 10 days for compliance); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 327 (N.D.Ill.2005)(ten business days deposition notice unreasonable in complex litigation); *Mann v. Univ. of Cincinnati*, 824 F.Supp. 1190, 1202 (S.D.Ohio), *aff'd,* 152 F.R.D. 119 (S.D.Ohio 1993).

Other courts have held that while 14 days is not a statutory minimum, compliance with a time limit under 14 days may be unreasonable. *Mann, supra,* 114 F.3d 1188 n.5. By any measure, the exceedingly brief time for compliance specified in the subpoena – which, it bears repeating called

for the production in two days of everything that was exchanged in an earlier, unrelated divorce case – was unreasonable. That is enough to warrant denial of the motion to enforce the subpoena. But there is more.

**B.**

Defendant, CORT, does not dispute the necessity that the materials sought must be relevant *to this case*. *See* Rule 16(b)(1), Federal Rules of Civil Procedure. As Judge Moran has incisively noted, the discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest. *Vakharia v. Swedish Covenant Hosp.,* 1994 WL 75055 at *2 (N.D.Ill.1994). "Parties are entitled to a reasonable opportunity to investigate the facts-and no more." *Id.* The Supreme Court has cautioned that the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and that "judges should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando,* 441 U.S. 153 (1979). *See also Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 352 (1978). Failure to exercise that control results in needless and enormous costs to the litigants and to the due administration of justice. Judicious use of the court's case-management authority during the litigation can help to check over-lawyering, and setting appropriate limits on discovery can effectively channel the efforts of counsel *before* excessive time and resources are expended. *See Montanez v. Simon,* 755 F.3d 547, 552 (7th Cir.2014). *Cf. Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007); *Hickman v. Taylor,* 329 U.S. 495, 507–508 (1947). *See also* Frank Easterbrook, *Discovery as Abuse,* 69 B.U.L.Rev. 635 (1989).

CORT unpersuasively claims that it demanded production of *all* the documents in the divorce case, *see* n. 1, *supra*, "because Bierk and Jiricka's assets (including ownership interests in

3

partnerships), as well as Bierk's affair with [Gloria] Rose, were key issues in the Divorce Case." (Parenthesis in original). That may be; but even if true, a subpoena calling for everything exchanged between the parties in a prior divorce case could not be more overbroad or less tailored to the issues in this case. *Stewart v. Mitchell Transport*, 2002 WL 1558210 (D.Kan. 2002); *Alcon Vision LLC v. Allied Group, Inc.*, 2019 WL 4242040 (S.D.N.Y, 2019). The justification for relevance of the subpoenaed materials offered by CORT is unconvincing.

As previously discussed with counsel, a "relationship" between the plaintiff and Ms. Rose would be relevant to the extent it may reveal possible bias of a prospective witness. And bias is never collateral. As Wigmore observed: "'the range of external circumstances from which probable bias may be inferred is infinite. Too much refinement in analyzing the probable effect is out of place. Exact concrete rules are almost impossible to formulate and where possible are usually undesirable. In general, these circumstances should have some clearly apparent force as tested by experience of human nature or, as it is usually put, they should not be too remote.'" Wigmore on Evidence, 3rd Ed., Vol. III, § 949. And after discussing common varieties of circumstances indicative of bias, Wigmore concludes: "'New circumstances will constantly be presented as suggestive of personal prejudice; and the decision should be left entirely in the hands of the trial judge.'" *Id*. 950. *See United States v. Jamison*, 635 F.3d 962, 965 (7th Cir. 2011); *United States v. Martin*, 618 F.3d 705, 727 (7th Cir. 2010); *United States v. Lester*, 248 F.2d 329, 332 (2d Cir. 1957).

But the question of possible bias of a potential witness stemming from a relationship with Mr. Bierk has now been sufficiently answered. In her recent deposition, Ms. Rose admitted to having an affair with Mr. Bierk and that she had lied to cover it up. Indeed, she admitted that the affair is

4

ongoing and that she is the plaintiff's "girlfriend."² Thus, the claim that somewhere in the mass of materials (including pleadings) in the divorce case might be documents related to assets and to Ms. Rose's possible bias cannot justify the kind of broad-based, all-encompassing subpoena CORT issued – a subpoena, it must be recalled, that was returnable in two days.

In sum, my initial concern about possible bias did not justify under the Federal Rules a request for all the materials involved in the divorce case, including pleadings. Objections to overbreadth are not cured because some of the mass of documents sought by the subpoena might be relevant. It bears repeating that this is a commercial case in nine counts, [Dkt. # 9], and the justifications offered by CORT for its Georgia subpoena are unpersuasive. No doubt CORT wants to rummage around and see what might have been included in the divorce case that might be of some value here. But discovery "'requires more than a fond hope that more fishing might net some good evidence.'" *MAO-MSO Recovery II, LLC v. State Farm,* _F.3d_, 2021 WL 1538233 at *6 (7th Cir. 2021). The plaintiff has not even met the minimal standard to justify the all encompassing "discovery" it is attempting to obtain through the challenged subpoena.

Finally, the requirement of proportionality in discovery is a point that has been made *over and over again* – indeed in this very case. *See generally Bierk v. Tango Mobile, LLC*, 2021 WL 698479, at *1 (N.D. Ill. 2021). The attempted subpoena of all the documents and pleadings involved in the divorce case does not begin to comport with the doctrine of proportionality as it applies to this case.

---

² Prior to the recent disclosure of these admissions by Ms. Rose – which were revealed in plaintiff's Proposed Order [Dkt #162 at 4, ¶ 13] – it was my understanding that the question of her involvement with the plaintiff was an unresolved matter in this case. But the concern about possible bias has now been sufficiently resolved by Ms. Rose. But, in any event, a legitimate concern about possible bias could not justify the illegitimate overbreadth of the subpoena.

## CONCLUSION

CORT's attempt to obtain in discovery the undifferentiated mass of materials exchanged or involved in a previous divorce case so that it can rummage around to see if anything there might be usable in this case is impermissible given the present state of facts. The breadth of the challenged subpoena demonstrates that CORT is engaged in the proverbial "fishing expedition," which is justly criticized and everywhere prohibited. *See, e.g., MAO-MSO Recovery II, LLC v. State Farm,* _ F.3d _, 2021 WL 1538233, *6 (7th Cir. 2019); *Smith v. OSF Healthcare System,* 933 F.3d 859, 870 (7th Cir. 2019); *Cotton v. Milwaukee Area Tech. College Dist. Bd. of Directors*, 756 F.Appx. 628, 630 (7th Cir. 2019).[3] CORT's Motion to Enforce [Dkt. #166] is denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

DATE: 5/7/21

---

[3] Not surprisingly, the phrase "fishing expedition" appears to be that of Justice Holmes. *See Ellis v. ICC*, 237 U.S. 434, 445 (1915).