# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHN T. BIERK, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 5167 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| TANGO MOBILE, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### A.

Consistent with the conflicts that unfortunately have characterized so much of what has occurred in this case, counsel for the parties now cannot agree on whether there should even be a settlement conference. The plaintiff demands that one be scheduled, while the defendants, for what turn out to be obvious and sound reasons, object to having one at all. A bit of history is illuminating. Judge Tharp sent the case here for discovery supervision *and* a settlement conference "as necessary" on October 10, 2019. [40, 41]. Yet, on June 18, 2021, and despite the clarity and scope of the initial referral – the plaintiff's counsel asked *Judge Tharp* to refer the case to me for a settlement conference. [188]. Judge Tharp pointed out to plaintiff's counsel that the "original referral" already contained a referral for a settlement conference. [190]. That was followed by filing before me a response from the defendants on June 23, 2021 [191] as to why they thought there should not be a settlement conference at all, given the intractable positions of the parties and the massive disparity – to put it conservatively – between what the plaintiff would demand and what, if anything, the defendants would offer. The defendants pointed out the disparity between what was demanded by

the plaintiff and what defense counsel and their clients believed would be justified. The disparity could not have been greater – or the parties' positions more intractable. Indeed, it was the largest gulf between any "demand" and any "offer" that I had ever seen or heard about since being appointed to my present position. But since a specific demand and offer had been revealed by the defendants' filing, I ordered it removed from the docket, even though it was apparent why the defendants had included a dollar figure in their Response. [Dkt. #194].[1]

Despite the obvious futility of a settlement conference when one side's demand is several millions of times more than anything offered by the other side, the plaintiff and his counsel have continued to insist that there *must* be a settlement conference – and that expert discovery should be stayed until that conference has been completed. At bottom, the plaintiff is insisting in substance, though not in words, that he has the "right" to a settlement conference, and therefore the court *must* set a conference date. [Dkt. #188]. That contention is mistaken.

Under the present circumstances, the plaintiff's obdurate insistence that a settlement conference must be scheduled [Dkt. #188], regardless of the defendants' objection, [Dkt. #189] is unpersuasive. Here, as always, "saying so doesn't make it so." *United States v. 5443 Suffield Terrace, Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir.2010); *Madlock v. WEC Energy Group, Inc.*, 885

---

[1] My striking of the defendants' original Response [Dkt. #191] was not in any way intended to indicate or even to suggest that I thought there had been any violation of Rule 408 of the Federal Rules of Evidence [Dkt. #195] which prohibits the use of conduct or statements made during compromised negotiations either to prove or disprove the validity or amount of a disputed claim. Where the evidence is used for another relevant purpose, it may be admitted. There clearly had not been. But, since by virtue of the defendants' filing [Dkt. #191] having included amounts of the demand and offer, I thought that the filing ought not to remain on the docket. The striking of the filing was, as the defendants have acknowledged [Dkt. #195 at 2] were within my discretion.

Judge Seeger has cautioned counsel in another case not to file settlement related correspondence on the docket. *See Manning v. First Transit, Inc.*, 20 C 03570 [Dkt. #40].

F.3d 465, 473 (7th Cir. 2018); *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 770 (7th Cir. 2020); *Donald J. Trump for President, Inc. v. Secy of Pennsylvania*, 830 F. Appx 377, 381 (3d Cir. 2020)("Free, fair elections are the lifeblood of our democracy. Charges of unfairness are serious. But calling an election unfair does not make it so. Charges require specific allegations and then proof. We have neither here."). Even the Solicitor General's unsupported assertions are not enough. *Digital Realty Trust, Inc. v. Somers*, _U.S._, 138 S.Ct. 767, 779 (2018).

**B.**

As important as settlement conferences are in federal litigation, *Marek v. Chesny*, 473 U.S. 1 (1985); *Higbee v. Sentry Ins. Co.*, 253 F.3d 994, 995 (7th Cir. 2001), no party has a "right" to insist that a settlement conference be held regardless of the circumstances and regardless of the wishes of the other side. *Birch-Min v. Middlesex City Board of Social Services*, 2017 WL 5714705 at *4 (D.N.J. 2017). A decision to convene a settlement conference is not matter of right enjoyed by the parties, but rather is a matter within the *court's* discretion. *Palmer v. Kaiser Found. Hospitals Tech. Risk Off.*, 753 Fed.Appx. 590, 593 (10th Cir. 2018). *See also United States v. Ridleys Family Markets, Inc.*, 2021 WL 1903642 at *1-2 (D.Utah 2021); *O'Keefe v. Brown*, 2017 WL 4325778 (E.D.Cal. 2017); *Developers Surety & Indemnity Co. v. Independent Living Ctr. Bldg. Co.*, 2017 WL 10185848 at *3 (S.D.Ala. 2017);[2] *Wahley v. Walmart Stores*, 2008 WL 3978649 at *4 (W.D.Mich. 2008); *Schertz-Nelson v. AT&T Corp.*, 2003 WL 22047646 (D.Ariz. 2003). Indeed, Judge Tharp's referral could not have been clearer. He sent the matter here for a settlement conference only "*as necessary*." [40, 41](Emphasis supplied). By that, he certainly did not mean that necessity was to be determined

---

[2] In *Developers Surety*, the court concluded that it would not be beneficial to the settlement of the case to set a settlement conference where the defendant demanded that any settlement "must be 'favorable'" to it. The plaintiff's demand in this case far exceeds what was demanded in *Developers Surety*.

3

by one of the parties. Rather, the referral permitted a settlement conference to be held where the magistrate judge concluded one would be appropriate – *i.e*., necessary. This referral of discretionary authority to the magistrate judge is consistent with Rule 16 of the Federal Rules of Civil Procedure, which gives to the court discretionary authority, as part of its authority to manage the court's case loads, *G. Heileman Brewing Co. v. Joseph Oat Corp.*, 871 F.2d 648, 657 (7th Cir. 1989)(*en banc*), through pretrial conferences, to set a date for a pretrial conference to, *inter alia*, "facilitat[e] settlement." *See* Rule 16(a)(5). Not surprisingly, the cases are consistent in holding that the decision to convene a settlement conference is ultimately a question involving the court's discretionary control over its own docket. *Jackson v. Gill*, 2021 WL 12326825, *3 (D.Ore. 2021).[3]

It cannot be too strongly emphasized, as we have previously explained in this case, *Bierk v. Tango Mobile, LLC*, 2021 WL 1088272 at *2 (N.D.Ill. 2021), that discretion involves a range not a point, and there seldom is only one *correct answer* to a given problem. Indeed, discretion allows two decision-makers – on virtually identical facts – to arrive at opposite conclusions, both of which constitute appropriate exercises of discretion. *See McCleskey v. Kemp*, 753 F.2d 877, 891 (11th Cir. 1985), *aff'd, McCleskey v. Kemp*, 481 U.S. 279, 289-290 (1987). *Accord Mayle v. Illinois,* 956 F.3d 966, 969 (7th Cir. 2020)("The district judge would not have abused his discretion if he had denied the extension, but he also did not abuse his discretion by granting it."); *Mejia v. Cook County, Ill*., 650 F.3d 631, 635 (7th Cir. 2011). *Compare United States v. Boyd*, 55 F.3d 239 (7th Cir. 1995) with *United States v. Williams*, 81 F.3d 1434 (7th Cir. 1996). Or, to put it more simply, "[t]here is room for play in the joints." *Illinois Republican Party v. Pritzker,* 973 F.3d 760, 762 (7th Cir. 2020). An

---

[3] In fact, where a settlement conference turns out to be futile and unnecessary, a district court can order a party to pay attorneys' fees and costs. *Koehn v. Tobias*, 866 F.3d 750 (7th Cir. 2017).

abuse of discretion occurs when no reasonable person could take the view of the district court. *United States v. Re,* 401 F.3d 828, 832 (7th Cir. 2005).

Given the parties' emphatic and rigid polar positions regarding this case and its resolution, a settlement conference would serve no purpose except needlessly to waste the time of the court and of counsel. Time and again, the bench and bar are reminded that litigants and their counsel are not entitled to squander precious and scarce judicial time. Each hour needlessly spent on a dispute that could be profitably spent on a case in which resolution of the issues could only come from the court is an hour wasted. *See Chicago Observer, Inc. v. City of Chicago,* 929 F.2d 325, 329 (7th Cir.1991). Litigants "are not entitled to [needlessly] divert the time of federal judges... from the needs of more deserving clients...." *Klein v. O'Brien*, 884 F.3d 754, 757 (7th Cir. 2018). To insist that under the particular facts presented here, there must nonetheless be a settlement conference would be pointless. And "[t]he law never requires an idle thing to be done.*" Brooklyn Life Insurance Co. v. Dutcher*, 95 U.S. 269, 272 (1877). *See also SEC v. Chenery Corp.,* 332 U.S. 194 (1947). *Cf. New Spin Sports, LLC v. Arrow Electronics, Inc.*, 910 F.3d 293, 311 (7th Cir. 2018)("A district court does not abuse its discretion in denying leave to amend where the amendment would be futile...."); *Rockstead v. City of Crystal Lake*, 486 F.3d 963, 965-966 (7th Cir. 2006)(Posner, J.) ("recourse to state remedies would indeed be pointless and would therefore not be required.").

## CONCLUSION

What the court said in *Ridleys Family Markets, Inc., supra* bears repeating: "When mediation is forced upon unwilling litigants it stands to reason that the likelihood of settlement is diminished. Requiring parties to invest substantial amounts of time and money in mediation" when only one of the parties has manifested a willingness to be flexible, "strongly militates against ordering mediation

5

[or settlement] because doing so is unlikely to be fruitful...." The Plaintiff's Motion to schedule a settlement conference is denied. [Dkt. # 188]. Consequently, the plaintiff's Motion to extend expert discovery is denied.[Dkt. # 188]. Finally, Defendants' Motion for Leave to File Amended Response to Plaintiff's Motion [Dkt. #195] is denied as unnecessary.

ENTERED: /s/ Jeffrey Cole
UNITED STATES MAGISTRATE JUDGE

**DATE:** 6/30/21